IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**AARON E. YOUNG,**                            CASE NO. 3:18 CV 2807

    Plaintiff,

    v.                                         JUDGE JAMES R. KNEPP II

**DEAN MULVAINE, et al.,**

    Defendants.                      **ORDER**

## INTRODUCTION

Pending before the Court are five motions filed by *pro se* Plaintiff Aaron E. Young. (Docs. 49, 50, 53, 54, 58). All relate, to some extent, to ongoing discovery disputes between Plaintiff and certain Defendants. Those Defendants opposed these motions. (Docs. 52, 65). Plaintiff filed a reply to Defendants' opposition. (Doc. 66). Each will be discussed in turn.

Additionally, Defendants seek a protective order related to new discovery requests made by Plaintiff after discovery closed. (Doc. 67).

## DISCUSSION

Motion to Compel Discovery

Plaintiff raises four arguments regarding certain Defendants' discovery responses, or the lack thereof. *See* Doc. 49.

*Unanswered Interrogatories*

Plaintiff's first argument is directed to Defendants Jones, Smith, and Prichard. (Doc. 49, at 1). He seeks an order compelling them to answer interrogatories served on Jones in October 2020, and on Smith and Prichard in February 2021. *Id.* After Plaintiff filed this Motion, Defendants

indicate their responses have been sent to Plaintiff. (Docs. 65, at 2; 65-1; 65-2). The Court therefore denies this request as moot.

*Absent Oaths*

Plaintiff's second argument is directed to Defendants Blankenship and Shuller for failing to respond to his interrogatories under oath. (Doc. 49, at 2); *see also* Docs. 49-4, 49-5. Defendants' opposition shows, although the initial responses were not under oath, the interrogatory responses were later verified. (Doc. 52-1). Therefore, Plaintiff's request is denied.

*Move Histories*

Third, Plaintiff seeks the move history for three inmates. (Doc. 49, at 2). Plaintiff first sought these records in September 2020. (Doc. 34). Defendants stated their objections in November 2020. (Doc. 49-4). Defendants argued these move histories sought confidential security information, was overly burdensome, and was not proportional to the needs of the case. *Id.* at 2-3. They maintain that argument against the present motion. (Doc. 52, at 3).

Plaintiff seeks the move history of three inmates from Defendant Blankenship to "prove a pattern of discrimination". (Doc. 49, at 2-3). Plaintiff alleges Blankenship violated his First and Eighth Amendment rights by failing to protect him from another Defendant's use of excessive force, because Plaintiff filed internal complaints and lawsuits against prison officials. (Doc. 36, at ¶ 73).

Plaintiff, as the moving party, bears the burden of showing the information sought is relevant. *See, e.g.*, *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010). He argues this information will assist him in showing "a part of a pattern of discrimination by Defendants." (Doc. 49, at 3). But Plaintiff's claims do not require proving a pattern of discrimination, and thus evidence purporting to show the same is not relevant.

Proving a First Amendment claim does not require Plaintiff to show Defendant Blankenship treated him worse than other similarly situated inmates. To prove a retaliation claim, Plaintiff must show:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff's stated purpose for obtaining the records – that they would show a pattern of discrimination – does not satisfy his burden of showing the relevancy of those records. That is, whether others were treated worse than him is irrelevant to his claim, which requires him to show he suffered an adverse action for exercising First Amendment freedoms. *See id.*

Similarly, Plaintiff's Eighth Amendment claim does not require he prove Blankenship treated him worse than he treated other inmates. To prove a failure to protect claim under the Eighth Amendment, Plaintiff must show he is incarcerated under conditions posing a substantial risk of serious harm, and that the prison's officials acted with deliberate indifference to prisoner health or safety. *See Browning v. Pennerton*, 633 F. Supp. 2d 415, 430 (E.D. Ky. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Whether Blankenship treated others better than Plaintiff is of no concern to this claim. Therefore, Plaintiff has failed to meet his burden to show the sought-after records are relevant to his claims against Blankenship.

Reviewing Plaintiff's entire complaint, the only claim he raises for which treatment of similarly situated inmates are relevant appears to be an equal protection claim against Defendant Management and Training Corporation (MTC). *See* Doc. 36, at ¶ 78. He alleges Defendant MTC created a custom and policy of treating similarly situated inmates differently, thus violating his

3

Fourteenth Amendment equal protection rights. *Id.* "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cty.*, 430 F.3d 783, 788 (6th Cir. 2005). Plaintiff, during a June telephone status conference, indicated he was raising a so-called "class of one" equal protection claim. To prove his class of one claim, Plaintiff must show he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

First, Plaintiff's motion seeks records from the wrong Defendant. His argument makes clear he believes these records are relevant to his equal protection claim, but he has not brought that claim against Blankenship. Thus, this Court cannot compel Blankenship to turn over records with no relevance to the claims against him.

Second, even interpreting the discovery request more broadly, as one directed to MTC, Plaintiff's motion lacks a clear argument the individuals identified are similarly situated enough to satisfy the first element of his class of one claim. He argues each of these three inmates had internal rule convictions, but does not describe their prior disciplinary history, the severity of the rule infraction, or other factors that go to ensuring these inmates are "similarly situated in all material respects." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 987 (6th Cir. 2012) (internal quotation omitted). It is Plaintiff's burden to show relevance here, and he has not clearly done so.

Additionally, as dispositive motion practice clarifies the issues and claims in this case, the Court can ensure Plaintiff is not prejudiced by this ruling, should the sought-after documents prove relevant. Plaintiff can, should he choose to file a dispositive motion, use affidavits to allege facts

necessary to prove his claim. *See* Fed. R. Civ. P. 56(c)(4). And, should Defendants file a motion, Plaintiff can use the procedure available under Federal Civil Rule 56(d) to explain the relevancy of these sought-after records, and the facts within, specifically as it relates to Defendants' motion. These avenues protect Plaintiff from prejudice, without granting yet another discovery extension. Thus, Plaintiff's motion to compel is denied.

*Conduct Reports*

Plaintiff's final objection to Defendants' discovery responses seeks an answer from Defendant MTC regarding written conduct reports. Plaintiff, in a Request for Admission, wrote: "Pursuant to OAC 5120-9-04(C), prison officials must keep records of all conduct reports that prison staff write. Admit that Crampton did not write any of the other inmates a conduct report that he mentioned in the conduct report in Disciplinary Case Number NCCI-17-002097." (Doc. 49-7, at 5). Defendant answered: "Upon reasonable inquiry, is unable to admit or deny". *Id.* Plaintiff argues Defendant has not provided evidence it made a reasonable inquiry. (Doc. 49, at 4-5). But similar to the above discussion, Plaintiff has not shown all of these inmates are similarly situated. That is, even if there are inmates who were involved in the same incident as Plaintiff, he has not gone far enough to show these are truly similarly situated individuals as required for a class of one claim. And, rather than unnecessarily delay the disposition of an already languishing case, the Court will deny the motion while leaving open to Plaintiff the avenues provided by Rule 56 to avoid prejudice from this ruling.

Motion for Sanctions

Plaintiff also moved for sanctions against Defendants' counsel, arguing he has displayed "a reckless disregard for the civil rules as if they do not apply to him." (Doc. 50, at 3). The Court disagrees with this assessment, and finds sanctions are not warranted. Plaintiff cites the missing

signatures on Blankenship and Shuller's discovery responses, but as discussed above, that has been remedied. *Id.* at 1. Further, disagreement with a discovery response does not support this Court sanctioning an attorney. *Id.* at 2. Plaintiff's motion is denied.

Motion for Default Judgment

Plaintiff moves for default judgment against Defendants Smith, Prichard, and Jones for failing to respond to interrogatories. (Doc. 53, at 1). Default judgment is a sanction of last resort, imposed only "if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault". *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (internal quotation omitted). Defendants informed the Court these responses have been sent to Plaintiff. (Docs. 65, at 2; 65-1; 65-2). Thus, at this stage, default judgment is not an appropriate sanction, and Plaintiff's motion is denied.

Motion to Stay Proceedings and Extend the Discovery and Dispositive Motion Deadline

Plaintiff seeks a stay in this case, pending a decision on his Motion for Default Judgment. (Doc. 54). As the Court has ruled on the motion, Plaintiff's request to stay is denied as moot.

Additionally, Plaintiff seeks an extension of the discovery and dispositive motion deadlines. *Id.* But an extension of these deadlines is not necessary, as Defendants have supplied Plaintiff with their tardy discovery responses. (Docs. 65, at 2; 65-1; 65-2).

Finally, Plaintiff states he "might have to supplement his Complaint." (Doc. 54, at 1). Plaintiff has already amended his complaint once. S*ee* Doc. 35. While a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court must have before it the substance of the proposed amendment to determine whether "justice so requires." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). That substance is not here.

6

Further, because the deadline for amending pleadings is long past, *see* Doc. 29, Plaintiff must show good cause for leave to amend. *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) ("Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a).") (internal quotation marks and citation omitted) (emphasis added). Plaintiff has not done so here. Therefore, Plaintiff's motion for a stay or an extension of the discovery and dispositive motion deadlines is denied.

<u>Motion to Unseal Documents</u>

Finally, Plaintiff moves the Court to unseal conduct reports filed under seal with this Court. (Doc. 58). In June 2019, following this Court's order, *see* Doc. 8, Defendants filed a comparison of inmate discipline (Doc. 10) under seal. The documents were not shared with Plaintiff or his counsel. *See* Doc. 11. However, because these records have never been turned over to Plaintiff or his counsel, the substance is more akin to a motion to compel than a motion to unseal.

Plaintiff argues the reports are public records, and therefore cannot be confidential; additionally, he argues they show pretext for a retaliation claim. (Doc. 58, at 1). But, as discussed above, Plaintiff has not shown these comparisons are relevant to any of his claims. Therefore, the Motion to Unseal is denied.

<u>Protective Order</u>

Defendants move for a protective order from the Court to block most of Plaintiff's most recent discovery demands. (Doc. 67). During a June 1, 2021 telephone status conference, Plaintiff was granted leave to serve additional discovery demands on Defendant Neil Turner. *See* non-document entry dated June 1, 2021. Defendants do not oppose these requests, but do oppose the

additional discovery requests they received on July 6, 2021, after the discovery cut-off date, directed at other Defendants. (Doc. 67, at 2-3). The Court grants Defendants' motion because the requests were sent after the discovery cut-off. Even mindful of the delays associated with litigating from prison, Plaintiff is seeking discovery just ahead of the cut-off that could not be reasonably completed in a timely manner. Further, he was informed on June 1 that he had this leave, and chose to wait until the eve of the deadline. Thus, a protective order for untimeliness is proper. *See, e.g., Donald J. Ulrich Assocs., Inc. v. Bill Forge Priv. Ltd.,* 2018 WL 6061083, at *3 (E.D. Mich.).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motions (Docs. 49, 50, 53, 54, 58), be and the same hereby are, DENIED; and it is

FURTHER ORDERED that Defendants' Motion for a Protective Order (Doc. 67), be and the same hereby is, GRANTED.

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE