IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **AARON E. YOUNG,** | CASE NO. 3:18 CV 2807 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DEAN MULVAINE, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

This Court previously granted Defendants' Motion for Summary Judgment in the above-captioned case. (Doc. 89). Following dismissal, *pro se* Plaintiff Aaron Young filed a Motion to Take Judicial Notice Pursuant to Fed. R. Evid. 201 (Doc. 91), a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 92), and a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) (Doc. 93). Defendants filed oppositions (Docs. 94, 95) to which Plaintiff has responded (Doc. 96). For the reasons set forth below, the Court DENIES Plaintiff's motions.

### STANDARD OF REVIEW

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th. Cir. 1998) (citation omitted). A court may relieve a party from judgment under Fed. R. Civ. P. 60(b)(3) for

fraud, misrepresentation, or misconduct by an opposing party. *Giasson Aerospace Sci., Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 339 (6th Cir. 2017).

## DISCUSSION

<u>Motion to Alter/Amend Judgment</u>

A motion to alter or amend a judgment must be served within 28 days of the rendition of judgment. Fed. R. Civ. P. 59(e). If it is served outside of 28 days, it will fall under Fed. R. Civ. P. 60(b). *Id*. This Court granted Defendants' Motion for Summary Judgment on March 24, 2022. (Doc. 89). Plaintiff therefore had until April 21, 2022 to file his motion.

While Plaintiff's filings were received by the Court on May 2, 2022 (Docs. 91, 92), Plaintiff contends his filings were timely under the prison mailbox rule. (Doc. 96, at 1). Under the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Evidence provided shows Plaintiff handed over his filing to be mailed on April 18, 2022. *See* Doc. 96-1. This is to be considered the filing date and is therefore timely.

Despite being timely, Plaintiff's motion is without merit. Regarding his claims against Defendants Mulvaine and Prichard, Plaintiff argues Ohio Administrative Code §§ 5120-9-08(O)-(P) governed the disciplinary procedures for violations of inmate rules. (Doc. 92, at 3). Plaintiff raises this argument for the first time in the present motion. Plaintiff does not offer an explanation as to why this argument could not have been raised previously. Because "[a] motion under Rule 59(e) is not an opportunity to re-argue a case" or an opportunity to "raise arguments which could, and should, have been made before judgment [was] issued[,]" the Court will not consider this argument. *Engler*, 146 F.3d at 374.

2

Plaintiff's arguments regarding his remaining claims are similarly ineffective. At no point does Plaintiff allege a clear error of law, newly discovered evidence, an intervening change in controlling law, or a manifest injustice. *Intera Corp.*, 428 F.3d at 620. Plaintiff simply reiterates arguments he made in dispositive motion briefing and raises new arguments regarding retaliation and exhaustion. (Doc. 92, at 4-13).

Because Plaintiff now attempts to raise an argument that could have been raised previously, and does not otherwise meet the standard under Fed. R. Civ. P. 59(e), Plaintiff's motion to alter or amend judgment is denied.

<u>Motion for Relief from Judgment</u>

Plaintiff also filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3). As stated, this Court may only grant such a motion for fraud, misrepresentation, or misconduct by an opposing party. *Giasson,* 872 F.3d at 339. Plaintiff must show this with "clear and convincing evidence[.]" *Daniel v. DTE Energy Co.*, 592 Fed. App'x. 489, 490 (6th Cir. 2015) (quoting *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)).

Plaintiff alleges "Defendants misrepresented the fact to this Court that [Plaintiff] did not exhaust his administrative remedies, with respect to Defendant Turner ordering [Plaintiff's] telephone calls with his attorneys to be monitored." (Doc. 93, at 1). Plaintiff further states the prison records, "which Defendants had access to," demonstrate he filed a direct grievance "to the chief inspector in accordance to OAC 5120-9-31(L)[,]" thus satisfying the exhaustion requirement. *Id*. at 1-2.

Plaintiff attaches three exhibits to his motion that he asserts demonstrate this misrepresentation. *See* Docs. 93-2, 93-3, 93-4. The first exhibit merely shows the results of a warden's administrative review which affirm the disciplinary decision of the Rules Infraction Board. (Doc. 93-2). This document does not include any form of grievance. *Id*. The second

3

exhibit evidences an informal complaint made by Plaintiff that in no way involves Defendant Turner. (Doc. 93-3). The final exhibit evidences a grievance involving Defendant Shuler. (Doc. 93-4). It similarly makes no mention of Defendant Turner. *Id*.

Defendants attached Plaintiff's grievance history to their Motion for Summary Judgment. *See* Doc. 72-1. While Plaintiff's grievance history is lengthy, none of the grievances mention Plaintiff's phone calls being monitored. *See id.* at 6-14.

Therefore, because Plaintiff has not demonstrated fraud, misrepresentation, or misconduct of Defendants by clear and convincing evidence, his Motion for Relief from Judgment is denied. *Giasson,* 872 F.3d at 339; *Daniel*, 592 F. App'x at 549.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Alter or Amend Judgment (Doc. 92) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Relief from Judgment (Doc. 93), be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Take Judicial Notice (Doc. 91), be and the same hereby is, DENIED AS MOOT; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                 s/ *James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE